UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH

CAROLINA CHARLOTTE DIVISION

| | |
|---|---|
| ANDREW WILSON DIXON,<br><br>PLANTIFF, | CASE NO.<br><br>COMPLAINT FOR DAMAGE<br>FEDERAL CLAIMS |
| vs.<br>OFFICER JOSEPH MARESCO, in his individual capacity and official capacity;<br>OFFICER JACKSON BUFFINGTON, in his individual capacity and official capacity;<br>CHIEF OF POLICE, ESTELLA D. PATTERSON, In her official capacity; | 1. MALICIOUS PROSECUTION AND SEIZURE Sec.1983<br><br>NORTH CAROLINA STATE LAW CLAIM<br>2. MALICIOUS PROSECUTION<br><br>Jury Trial Demanded |

Plaintiff files this action seeking relief for Malicious Prosecution and violation of rights under the United States Constitution and the North Carolina Constitution Article I Section 19 and 42 U.S.C. Sec. 1983 for Deprivation of Fourth Amendment Rights while a citizen of the United States of America and North Carolina.
Plaintiff requests that damages be considered by the Court for actual damages and punitive damages and any other relevant considerations raised by the pleadings herein.

## PARTIES

1. The Plaintiff is Andrew Dixon a citizen and resident of Charlotte in Mecklenburg County, North Carolina.

2. Defendants are current or former employees of the Charlotte Mecklenburg Police Department in Mecklenburg County, North Carolina.

## INTRODUCTION

A. Plaintiff files this suit against Defendants, State and local officials (a) under a section 1983 claim for violation of the Plaintiffs constitutional rights against the use of unreasonable

seizure and restraint including but not limited to improper deprivation of Plaintiffs freedom by incarceration without cause and Malicious Prosecution under Federal Law.

B. Defendants violated the Plaintiffs constitutional rights guaranteed under the 14th Amendment and Equal protection and any other applicable statue or constitutional provision by using excessive force against the Plaintiff and by Malicious Prosecution of the Plaintiff by initiating charges of Domestic Violence Protective Order Violation in Mecklenburg COunty File Number 20CR216571 without any probable cause to do so, resulting in the Plaintiffs arrest, wrongful detention and loss of job.

C. Plaintiffs suing under Bivens may only recover for the violation of certain constitutional rights.

D, Section 1983 allows Defendants to be found liable only when they have acted "under color of any statue, ordinance, regulation, custom, or usage, of any State or Territory or the District of Colombia." 42 U.S.C Section1983.

E. Each Defendant was acting under color of North Carolina statues, ordinance, regulation, custom, or usage. In violation of the Plaintiffs Constitutional Rights and 42 U.S.C. Section 1983, and the North Carolina Constitutional by acting in the capacity of Charlotte Mecklenburg Department Employees either as a patrol officer, supervisor, and support officers or investigators.

## FACTS

7. The events occurred on or about May 13th, 2020 at the Plaintiffs home at 12305 Panthersville Drive, Charlotte, NC 28269, the Plaintiff was alleged to have interfered with the alleged victim's control of the house at 1203 Panthersville Drive a t home and the Plaintiffs then girlfriend Jennifer Fontana called 911 alleging that she was the victim on the Plaintiff's alleged behavior, this was after a number of charges, that were ultimately dismissed, were brought by at least one of the same defendant's herein based on additional allegations made by Jennifer Fontana that the Plaintiff had a gun, and had assaulted her, upon information and belief, the Defendants arrived on the scene and did not find Plaintiff or any evidence of Plaintiff being on the scene, nevertheless the Defendants initiated charges against the Plaintiff and the Plaintiff had to turn himself in for the charges.

8. Defendants violated the Plaintiff/Defendants constitutional rights guaranteed under the United States Constitution, 4th amendment, Amendment and Equal protection, The North Carolina Constitution and any other applicable statue or constitutional provision by instituting charges of Domestic Violence Protective Order Violation without probable cause to do so, including a lack of sufficient evidence to bring any charges deficiencies including not having any evidence of any crime other than statements by the complaining individual Jennifer Fontana, without any investigation into the Plaintiff's whereabouts or side of the allegations, resulting in the arrest, detention and prosecution of the Plaintiff in violation the Plaintiffs Constitutional Rights under the United States Constitution and North Carolina Constitution.

9. Plaintiff was charged and arrested in violation of his Constitutional Rights under the 4th 8th and 14th Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and property, cruel and unusual punishment, pain, suffering, and emotional trauma.

## RESPONDEAT SUPERIOR

A. Plaintiff Andrew Dixon, alleges that the State of North Carolina ("STATE") is liable under the theory of Respondeat Superior for the illegal conduct inflicted on Plaintiff by the STATE'S agents and employees, including, but not limited to. The STATE may be held vicariously liable for state law torts committed by managing agents and employees under a theory of respondeat superior. Therefore, the respondeat superior claims against the State of North Carolina regarding Defendants herein, the Plainitff asserts there is liability for the acts of each of the other Defendants.

## JURISDICTION

B. This action arises under the First, Fourth and Fourteenth Amendments to the Constitution of the United States; Article I, Section 19, of the North Carolina State Constitution; 42 U.S.C. 1983; and North Carolina law. This Court has original jurisdiction over Plaintiffs' constitutional and federal law claims pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1343(a). 35. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. 1367(a) because they are part of the same case and controversy described by Plaintiffs' federal claims.

## VENUE

C. Venue is proper in this district under 28 U.S. C. 1391 (b) (l) because all Defendants reside in the State of North Carolina and at least one Defendant resides in this district. Specifically, the Defendants live in Mecklenburg County or surrounding counties, upon information and belief, which satisfies the requirement of residency under 28 U.S. C. 139 (c) (2) and 28 U.S. C. 1391 (d).

## FIRST CLAIM RELIEF
(Constitutional Violations)

10. Plaintiff/Defendant had a right to be free from deprivation of any rights. Privileges, or immunities secured by the United States Constitution and The North Carolina Constitution.

11. Defendant's actions which were directed at the Plaintiff listed above, were not necessary and not based on probable cause, the institution of charges and arrest upon information and belief, violated the fourth, eighth and fourteenth amendment rights of the Plaintiff and also contravened North Carolina General Statutes.

12. Defendants institution of charges without probable cause, upon information and belief violated the Plaintiffs Constitutional Rights under the United States Constitution and the North Carolina Constitution.

13. Plaintiff was improperly charged and arrested and was the victim of conscious shocking extra judicial use of arrest and seizure powers without due process in Violation of the United States Constitution and the North Carolina Constitution Article I Section 19 and any other applicable section of the North Carolina Constitution, each and every charge ended in favor of the Plaintiff in this action with dismissal.

## SECOND CLAIM FOR RELIEF
(Malicious Prosecution SECTION (1983)

14. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-13 of the Complaint as if fully set forth herein.

15. The individual Defendants acted with malice in initiating the charges against the Plaintiff.

16. The individual Defendants initiated or caused the Plaintiff to be charged with Domestic Violence Protective Order Violation.

17. The individual Defendants acted with malice in initiating the charges against the Plaintiff, in that there was no gun located, there were no injuries located on the alleged victim and Defendants failed to properly investigate the case, upon information and belief before bringing the charges against the Plaintiff.

18. There was a lack of probable cause for the initiation of the charges against the Plaintiff.

19. The charges were dismissed, and the termination of the previous proceeding was in the Plaintiffs favor.

20. Defendant Estella D. Patterson is responsible for the injuries and damages suffered by Plaintiff as a result of the actions of individual Defendants pursuant to the doctrine of respondent superior.

21. As a direct and proximate result of Defendants' malicious prosecution of Plaintiff, Plaintiff has suffered damages and losses as described herein entitling him to compensatory damages and punitive damages

22. Plaintiff is entitled to punitive damages against each defendant due to the malice with which they initiated the above-identified charges.

## DEMAND FOR JURY TRIAL

Plaintiff Respectfully demands a trial by jury on all issues so triable arising out of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray the Court for the following relief:

1. For special and economic damages, including lost wages, for all Claims
2. For general and non-economic damages for all Causes of Action;
3. For $1 000,000.00 against each defendant, individually and severally for pain, misery, suffering, loss of enjoyment of life, for loss of job, for severe mental and

emotional distress, anxiety, humiliation and other non-economic and economic damages.

4. For punitive damages in the amount of $1,000,000 each against Defendants, and in their individual capacity, for the protection of the public;

5. For such other relief that the Court deems just and proper.

This the 19th day of May 2026.

William Trippe Mckeny
Attorney for Defendant
403 East Front Street
Statesville, NC 28677
Telephone: 704-771-0015
NC State Bar: 30648

VERIFICATION

I ANDREW WILSON DIXON certify the information in the foregoing Complaint to be true and correct to the best of my knowledge this the 19 day of May, 2026.

ANDREW WILSON DIXON

Subscribed and sworn to before me,
this the 19 day of May, 2026.

NOTARY PUBLIC
My commission expires: 9/7/2030

MELISSA A. ELLIOTT
NOTARY PUBLIC
IREDELL COUNTY, NORTH CAROLINA