**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:26-CV-00393-KDB-DCK**

**ANDREW WILSON DIXON,**

**Plaintiff,**

**v.**

**JACKSON BUFFINGTON, ET AL.,**

**Defendants.**

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Plaintiff's Motion for Time Extension (Doc. No. 23). The Court has carefully considered this Motion and Defendants' response. For the reasons discussed below, the Court will **DENY** the Motion.

## I. LEGAL STANDARD

Under Federal Rule of Appellate Procedure 4(a)(1) a notice of appeal "must" be filed within thirty (30) days of the entry of judgment. *See Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 532 (4th Cir. 1996) (citing Fed. R. App. P. 4). However, pursuant to Rule 4(a)(5), a district court "may extend the time for filing a notice of appeal in certain limited circumstances." *Id*. Rule 4 provides, in relevant part, that:

> (5) *Motion for Extension of Time*.
>
> (A) The district court may extend the time to file a notice of appeal if:
>
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

In *Thompson*, the Fourth Circuit held that based on the "unambiguous directive" from the advisory committee's notes to the 1979 amendment, the "good cause" standard only applies to motions to enlarge that are filed within thirty days of judgment. *Id.* Motions to enlarge filed beyond thirty days must therefore be analyzed under the "more stringent standard of 'excusable neglect.'" *Id.* at 533.

The phrase "excusable neglect" is a "somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 392 (1993) (describing phrase in multiple contexts including Bankruptcy Rule 9006, Federal Rules of Criminal Procedure 6(b)).[1] "Neglect," therefore, is understood to encompass situations where "failure to comply with a filing deadline is attributable to negligence." *Id.* at 394. The Supreme Court considered the "excusable" part of the phrase to play the deterrent role preventing parties from "freely ignoring" deadlines, holding that a district court's determination is an "equitable one," that looks at all the relevant circumstances for the delay, including "the danger of prejudice to the [party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 395.

## II. FACTS AND PROCEDURAL HISTORY

On August 31, 2026, the Court entered judgment for Defendants. (Doc. No. 22). Plaintiff's notice of appeal was therefore due no later than September 30, 2026. *See* Fed. R. App. P. 4(a)(1).

[1] "While in *Pioneer* the Court interpreted the phrase "excusable neglect" as used in a rule of bankruptcy procedure, it is evident that the Court intended its definition of "excusable neglect" to be equally applicable to Federal Rule of Appellate Procedure 4(a)(5), as every appellate court to consider the applicability of *Pioneer* to Rule 4(a)(5) and Rule 4(b) (criminal appeals) has concluded." *Thompson*, 76 F.3d at 533 (collecting cases).

Plaintiff filed the Motion seeking to extend this deadline on October 1, 2026. (Doc. No. 23). The Motion stated that Plaintiff needs an extension of time "to get another attorney involve[d] please." *Id.* Defendants opposed the Motion. (Doc. No. 24).

## III. DISCUSSION

"'Excusable neglect' is not easily demonstrated, nor was it intended to be." *Thompson*, 76 F.3d at 534 (citing *Agnew v. United Leasing Corp.*, 680 F. App'x 149, 155 (4th Cir. 2017). "[A] district court should find excusable neglect only in the extraordinary cases where injustice would otherwise result." *Midgett v. Cooper*, No. 1:20-cv-941, 2023 WL 2588106, at *3 (M.D.N.C. Mar. 21, 2023) (quoting *Thompson*, 76 F.3d at 534) (denying plaintiffs' one-day late motion for extension of time despite the first two *Pioneer* factors, prejudice and delay, weighing in favor of plaintiffs). Courts in the Fourth Circuit find the third *Pioneer* factor—reason for delay—to be the "most important factor." *Midgett*, 2023 WL 2588106, at *3.

Plaintiff does not offer any reasoning or argument; he only states that he needs time to get another attorney involved. (Doc. No. 22). Defendants argue that Plaintiff has not shown either neglect or good cause and that merely stating he needs additional time is insufficient. (Doc. No. 24 at 2).

The Court agrees with Defendants. Plaintiff has not provided enough of an explanation for his failure to timely file the notice of appeal for the Court to excuse the failure under the *Pioneer* factors. To be sure, because Plaintiff was only late one day, that factor weighs in his favor. But Plaintiff has offered no factual or legal support; so, even construing the Motion liberally would not lead to an extension of time. *See Graves v. Wells Fargo Bank, N.A.*, No. 1:14-cv-398, 2014 WL 3797409, at *3 (M.D.N.C. Aug. 1, 2014) ("Moreover, Plaintiff has not outlined what efforts he made before the deadline to obtain substitute counsel admitted to this Court. Nor has Plaintiff

shown that he lacked the ability to file a timely pro se response. Finally, Plaintiff has not given any reason for the belated nature of his request(s) for an extension of time."). Moreover, even if this were just a calendaring error (which is not alleged), it still would not support finding excusable neglect sufficient for an extension. *See Midgett*, 2023 WL 2588106, at *3 ("Plaintiffs' calendaring error is "precisely the sort of 'run-of-the-mill inattentiveness by counsel' that the Fourth Circuit 'has consistently declined to excuse.'") (quoting *Losa v. Ghisolfi*, 484 F. Supp. 3d 268, 273 (E.D.N.C. 2020). Therefore, Plaintiff's motion must be denied.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Plaintiff's Motion for Time Extension (Doc. No. 23) is **DENIED**; and
2. The Clerk is directed to maintain this matter as closed in accordance with the Court's previous Order (Doc. No. 21).

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 13, 2026

Kenneth D. Bell
United States District Judge